UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SCOZZARI, Representative
of the Estate of William Christi Scozzari,

      Plaintiff,

v.                                                     Case Number 08-10997-BC
                                                      Honorable Thomas L. Ludington

CITY OF CLARE, KEN HIBL, DWAYNE
MIEDZIANOWSKI, JEREMY MCGRAW,

      Defendants.
_____/

**<u>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCLOSURE OF
FACTUAL WITNESS STATEMENTS AND PROVIDE A DETAILED PRIVILEGE LOG</u>**

      Plaintiff Steven Scozzari ("Plaintiff"), the brother of the decedent William Scozzari ("decedent"), filed a complaint on March 7, 2008, asserting a wrongful death cause of action under 42 U.S.C § 1983. Plaintiff's complaint states the following counts: (1) Fourth Amendment violations against Defendants Miedzianowski and McGraw under 42 U.S.C. § 1983, (2) municipal liability against Defendant City of Clare under § 1983, (3) assault and battery against Defendants Miedzianowski and McGraw, (4) gross negligence against Defendants Miedzianowski and McGraw under Mich. Comp. Laws § 691.1407, and (5) civil conspiracy to violate the decedent's civil rights.

      On September 19, 2008, the case was transferred to this Court from the Honorable Arthur J. Tarnow in the Southern Division. On December 2, 2008, the Court held a scheduling conference with the parties, at which several outstanding motions were resolved. Now before the Court is an unresolved motion to compel.

      On August 27, 2008, Defendant's City of Clare and Hibl filed a motion to compel disclosure of factual witness statements and provide a detailed privilege log [Dkt. # 26]. On September 5,

2008, Defendants Miedzianowski and McGraw filed a joinder brief as to that motion [Dkt. # 27]. On September 27, 2008, Plaintiff filed a response [Dkt. # 35] and a privilege log [Dkt. # 36]. The same day, Plaintiff filed a sealed copy of each of the documents referred to in the privilege log [Dkt. # 37]. On October 3, 2008, Defendants filed a reply [Dkt. # 39].

Defendants seek discovery of witness statements that Plaintiff has represented its investigator obtained from people who observed the events underlying this lawsuit. While some of these statements were provided by individuals who were also interviewed by the Michigan State Police during their investigation, some of the statements were provided by individuals who were not interviewed; Plaintiff has not yet identified all of these witnesses to Defendants. In his initial disclosures, provided to Defendants on July 31, 2008, Plaintiff represented that these statements are both privileged and work product. Defendants contend that Plaintiff must produce the statements because they are not work product and even if they are, Defendants have no other means to identify these persons or to anticipate what information they may reveal.

Indeed, to avoid production of the statements at issue, Plaintiff must meet the burden of showing that the material was "prepared in anticipation of litigation or for trial." *Toledo Edison Co. v. G A Techs., Inc.*, 847 F.2d 335, 340 (6th Cir. 1988). Once Plaintiff has met this burden, Defendants must show that they have "substantial need of the materials" in preparation of their case and that they are "unable without undue hardship to obtain the substantial equivalent of the materials by other means" in order to obtain production of the materials. *Id.* If Defendant meets this burden, Plaintiff must produce the materials, despite the fact that they are "trial preparation materials." *Id.* However, the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation" remain undiscoverable. *Id.*

In his response, Plaintiff largely concedes that the factual statements of the witnesses at issue are "ordinarily discoverable." Plaintiff emphasizes that his main concern is protection of the witnesses because they live "in isolated rural areas within or near the jurisdiction" of Defendants. Notably, Plaintiff's response does not seek to explain how the statements are exempt from production based on privilege or their status as "trial preparation materials" under Rule 26.

Accordingly, the Court will grant Defendants' motion to compel to the extent that it seeks production of witness statements obtained by Plaintiff's investigator. To the extent that Defendant's motion implicates documents other than the witness statements and Plaintiff seeks to withhold these documents, Plaintiff is required to submit a privilege log containing sufficient information to enable Defendants to assess Plaintiff's claim that the documents are privileged, "trial preparation material," or contain the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative." *See* Fed. R. Civ. P. 26(b)(5)(A); *Toledo Edison*, 847 F.2d at 340.

Accordingly, it is **ORDERED** that Defendants' motion to compel disclosure of factual witness statements and provide a detailed privilege log [Dkt. # 26, 27] is **GRANTED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2009.

s/Tracy A. Jacobs  
TRACY A. JACOBS