UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SCOZZARI, Representative
of the Estate of William Christi Scozzari,

    Plaintiff,

v.                                                          Case Number 08-10997-BC
                                                          Honorable Thomas L. Ludington
CITY OF CLARE, DWAYNE
MIEDZIANOWSKI, JEREMY MCGRAW,

    Defendants.

                                                      /

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING AS MOOT IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES

      Plaintiff Steven Scozzari ("Plaintiff"), on behalf of the estate of his deceased brother, William Scozzari ("Scozzari"), filed a complaint on March 7, 2008, and an amended complaint on June 25, 2009, alleging claims arising out of the shooting death of Scozzari on or about September 18, 2007. The amended complaint alleges the following claims in separately numbered counts against the City of Clare ("the City"), City Manager Ken Hibl ("Hibl"), City Police Chief Dwayne Miedzianowski ("the Chief"), and Officer Jeremy McGraw ("Officer McGraw"): (1) excessive force and deliberate indifference to a serious medical need constitutional violations pursuant to 42 U.S.C. § 1983; (2) municipal liability under § 1983; (3) assault and battery; (4) gross negligence under Mich. Comp. Laws § 691.1407; (5) civil conspiracy to violate Scozzari's civil rights; and (6) discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

      On November 12 and 13, 2009, the City and Hibl, and the Chief and Officer McGraw (collectively, "the Officers") filed motions for summary judgment. *See* [Dkt. # 68, 71]. On April

21, 2010, the Court granted in part, denied in part, and requested supplemental briefing as to part of each of the motions. After receiving the supplemental briefing from the parties, on June 29, 2010, the Court granted in part and denied in part the remainder of the motions for summary judgment. In addition, the Court denied Defendants' motion for reconsideration as to the Court's April 21, 2010 order. In sum, Plaintiff now maintains excessive force, deliberate indifference to a serious medical need, and assault and battery claims against the Officers, arising out of the shooting death of Scozzari. Plaintiff also maintains claims for municipal liability against the City pursuant to § 1983.

Now before the Court are Plaintiff's motion to amend the complaint [Dkt. # 109] and Defendants' motion to strike Plaintiff's expert witnesses [Dkt. # 95]. For the reasons stated below, Plaintiff's motion to amend the complaint will be denied, and Defendants' motion to strike Plaintiff's expert witnesses will be denied as moot in part and granted in part. Generally, the factual background of the case can be found in the Court's order [Dkt. # 105] dated April 21, 2010. *See Scozzari v. City of Clare*, No. 08-10997, 2010 WL 1626419, at *2-11 (E.D. Mich. Apr. 21, 2010).

I

Plaintiff's motion to amend the complaint [Dkt. # 109] was filed on May 7, 2010; after the Court partially resolved Defendants' motions for summary judgment, but before they were entirely resolved. Plaintiff seeks to amend the complaint to allege two Fourth Amendment violations apart from the shooting of Scozzari. First, Plaintiff contends that during the initial encounter with Scozzari in the park, the Chief seized Scozzari in violation of his Fourth Amendment rights when the Chief sought to stop and question Scozzari. Second, Plaintiff contends that the Officers seized Scozzari in violation of his Fourth Amendment rights when they attempted to kick in his door and

order him out of his cabin in order to arrest him.

Plaintiff first identified these alleged violations in his response to the Officers' motion for summary judgment, filed on December 8, 2009. While Plaintiff did not acknowledge that fact in his response, in the supplemental briefing requested by the Court, Plaintiff conceded that these claims were not alleged in his original complaint [Dkt. # 1, Mar. 7, 2008] or amended complaint [Dkt. # 52, June 25, 2009]. Now, in his motion to amend the complaint, Plaintiff asserts that he only learned of these claims during discovery, through the deposition testimony of the Officers. Plaintiff contends that the addition of these two claims will not delay the case or cause prejudice to Defendants, because further discovery is not necessary.

The Officers filed a response in opposition [Dkt. # 114] to Plaintiff's motion on May 17, 2010, in which the City concurred [Dkt. # 116]. The Officers' primary contention is that Plaintiff's request is untimely. They contend that Plaintiff was in possession of police reports and other documentary evidence that detailed the facts on which Plaintiff seeks to base his additional Fourth Amendment claims even before he filed his original complaint, over two years ago. The Officers also contend that Plaintiff should not be allowed to allege the claims because to do so would be futile.

In his reply brief [Dkt. # 118, May 22, 2010], Plaintiff seeks to minimize the importance of the factual information he possessed prior the filing his original complaint. He insists that "police reports are no indicators of what the ultimate proofs will be in a 42 U.S.C. § 1983 case," and particularly when the police reports are "delayed, post-facto, self-serving and arguably false reports of the incident." Plaintiff also suggests that it would have been "premature" to allege the additional Fourth Amendment claims before the Officers testified because they could have testified in such a

way as to "undercut Plaintiff's claims about these prior Fourth Amendment violations."

Undeniably, leave to amend the complaint shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Yet, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187 (1962)). Here, it is significant that Plaintiff has sought to amend his complaint, for the second time, over two years after filing the original complaint. It is also significant that Plaintiff does not contend that he was not aware of the potential Fourth Amendment claims when he filed his original, or even first amended, complaints.

Rather, Plaintiff asserts that the claims could have been undercut by the Officers' deposition testimony. Yet, Officer McGraw testified on June 23, 2009, and the Chief testified on June 30, 2009. Plaintiff's motion to amend the complaint was not brought until nearly one year later, on May 7, 2010. Plaintiff has not expressed any justification for that period of delay and none is apparent. Indeed, had Plaintiff sought to amend his complaint promptly after the Officers' depositions, the additional Fourth Amendment claims could likely have been addressed in dispositive motions at the same time as the remainder of Plaintiff's claims, without imposing additional delay.

Even then, however, Plaintiff's proposed rationale for not alleging the claims at the time that he filed his original complaint is not particularly compelling. Plaintiff acknowledges that the police reports and other documents in his possession put him on notice of these claims prior to the filing of the original complaint. While Plaintiff suggests that later discovered evidence could have "undercut" the claims, that possibility exists for any claim alleged by any plaintiff in any case. Thus, it is not apparent how such a rationale justifies a delay of over two years.

In addition, any suggestion that allowing Plaintiff to amend the complaint will not cause further delay is not persuasive. If Plaintiff were allowed to amend the complaint, Defendants would properly have time to file a dispositive motion, which would necessarily take additional time to resolve. This is a fact intensive case and much time has already been invested in resolving dispositive motions and reviewing extensive exhibits and briefing. Further delay is not justified and Plaintiff's motion to amend the complaint will be denied.

II

On February 25, 2010, the Officers filed a motion to strike Plaintiff's expert witnesses [Dkt. # 95], in which the City concurred [Dkt. # 96]. Defendants request that the Court strike Edward J. Wolfrum, Joseph Jager, and Dennis Donahue as Plaintiff's experts because Plaintiff did not comply with the Federal Rules of Civil Procedure and the Court's case management and scheduling order. In a response [Dkt. # 98] filed March 11, 2010, Plaintiff explains that Dennis Donahue was accidentally listed as an expert and that Edward J. Wolfrum is no longer needed as an expert. Thus, the portions of Defendants' motion pertaining to those "experts" will be denied as moot.

Defendants' motion is contested as to Plaintiff's expert Joseph Jager, who Plaintiff identifies as a "police practices" expert. Defendant emphasizes the following: On December 23, 2008, this Court entered a case management and scheduling order requiring Plaintiff's expert disclosures to be made on or before March 20, 2009, and discovery to be cutoff on May 29, 2009. *See* [Dkt. # 43]. The order further provides:

> Disclosure of information regarding expert witnesses required by Fed. R. Civ. P. 26(a)(2) shall be made as follows: disclosure of an expert witness's identity under Rule 26(a)(2)(A) shall be made within three (3) business days of the expert's retention; other disclosure under Rule 26(a)(2)(B) and (C) shall be served on opposing counsel, but not filed with the Clerk, by plaintiff on or before March 20, 2009 and by defendant on or before April 17, 2009.

*Id.*

On April 30, 2009, pursuant to a stipulation of the parties, the Court extended the period for discovery until July 13, 2009. *See* [Dkt. # 47]. At that juncture, the time for expert disclosures had passed, and while the parties noted that "experts are still being identified," they did not seek an extension of the deadline for expert disclosures. *Id.* On July 16, 2009, pursuant to Plaintiff's motion, and after rejecting a stipulation of the parties, the Court extended the time for discovery until August 17, 2009. *See* [Dkt. # 58]. Then, on August 16, 2009, pursuant to Plaintiff's motion, the Court extended the time for discovery until October 16, 2009. *See* [Dkt. # 61]. Plaintiff's motion noted the following:

> 11. Plaintiff is only now in possession of sufficient information after the depositions of all of the Defendants, eyewitnesses and investigating officers to submit completed materials to his experts (police practices and medical examiner). Presumably, Defendants will want to depose them.
>
> 12. Defendants have yet to file the reports of their own experts and, presumably, Plaintiff will wish to depose them.

*See* [Dkt. # 60]. Finally, on November 24, 2009, the Court denied Plaintiff's motion to once again extend the time for discovery. *See* [Dkt. # 75]. The Court concluded that a further extension of the time for discovery was not justified because discovery had already been extended several times, and for the most part, Plaintiff did not provide explanations as to why the discovery he sought to pursue could not have been pursued earlier and more diligently. *Id.*

Here, Defendants complain that Plaintiff did not timely provide, and has yet to provide, a written report of Mr. Jager pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Defendants highlight that Plaintiff has only provided the name, company affiliation, and address of Mr. Jager. In contrast, Rule 26(a)(2)(B) requires that a party provide a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons

for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). *See also* Fed. R. Civ. P. 26(a)(2)(C) ("A party must make these disclosures at the times and in the sequence that the court orders.").

As Defendants emphasize, pursuant to Federal Rule of Civil Procedure 37(c)(1):

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "Harmlessness . . . is the key under Rule 37, not prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). " '[H]armless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.* (quoting *Vance v. United States*, 182 F.3d 920 (table), 1999 WL 455435, at *5 (6th Cir. 1999), and citing Fed. R. Civ. P. 37, advisory committee note).

Defendants emphasize that Plaintiff intended to use Mr. Jager as an expert over a year before expert witness disclosures were due, and as far back as July 2008, when Plaintiff identified him as a potential expert on his witness list. Defendants also emphasize that they have "no clue as to the nature of [Mr. Jager's] alleged expertise and/or the substance of [his] opinions." Defendants contend that they have been prejudiced by Plaintiff's conduct because they do not have time to depose Mr. Jager or secure a rebuttal witness. Defendants suggest that a "quickie" deposition close to the time of trial is an insufficient remedy.

In response, Plaintiff asserts that "the failure to provide [Mr. Jager's] information was inadvertent and occurred during a time when the case was being principally handled by prior counsel, Thomas R. Present," and that "the defect is being cured." Plaintiff notes that Mr. Jager has not yet rendered an opinion in the case because "Plaintiff has since October 2009 either been seeking an extension of discovery or awaiting a determination by the Court on Defendants' motions for summary judgment, after which it would be appropriate for Mr. Jager to give an opinion on such issues as remain in the case in the form that the Court has declared them." Plaintiff highlights that Defendants never sought to take the deposition of Mr. Jager, nor have Defendants provided any opinion from their police practices expert, Daniel Kennedy. Plaintiff requests that the Court "exercise its discretion to allow Mr. Jager as an expert under circumstances which the Court deems fair." Plaintiff suggests that he be required to provide an opinion from Mr. Jager within thirty days after resolution of dispositive motions and that Mr. Jager be made available to Defendants for a discovery deposition within two weeks thereafter.

In reply, Defendants highlight that the "cure" referred to by Plaintiff is that Plaintiff emailed Mr. Jager's curriculum vitae to Defendants the day that Plaintiff filed his response to Defendants' motion. Defendants contend that Plaintiff's disclosures at to Mr. Jager still do not comply with Rule 26(a)(2)(B) and that Defendants do not have sufficient information to determine what type of expert they might need to retain to evaluate Mr. Jager's opinion. Defendants' characterize Mr. Jager's area of expertise as "motor vehicle accident reconstruction" based on his curriculum vitae and contend that this does not demonstrate Mr. Jager's qualifications to testify in this case. Defendants assert that if Mr. Jager is not stricken as an expert witness, they would seek to file a "*Daubert*-type motion," which would have been due at the time of filing dispositive motions. Defendants also

emphasize that Plaintiff's attorney, Hugh Davis, has been appearing and active in this case since its inception and even signed the complaint.

Plaintiff has not demonstrated that the delay in producing an expert report was "substantially justified or is harmless." Plaintiff's assertions regarding the "inadvertence" of co-counsel is not credible, given Mr. Davis' earlier involvement in the case and the parties' stipulation entered by the Court on April 30, 2009, explicitly noting that the parties had not yet identified experts. While the deadline for expert disclosures had passed, the parties did not seek an extension of that date. Indeed, none of Plaintiff's subsequent requests for extensions of the time for discovery sought to extend the deadline for expert disclosures.

Rather, it appears that Plaintiff intentionally sought to avoid providing an expert report until after resolution of dispositive motions, without ever seeking such relief from the Court. While the parties may have had an informal arrangement regarding such an extension, that is not apparent; nor could the Court condone such an arrangement without the creation of an official court record enforceable by the Court. While Plaintiff obviously believes that it would have been premature for him to produce an expert report because further discovery and resolution of dispositive motions might have impacted an opinion rendered by Mr. Jager, further developments in the case would have been properly addressed through supplemental disclosures. *See* Fed. R. Civ. P. 26(a)(2)(D).

Even if Plaintiff's request for an extension of time to complete his expert disclosures were now properly before the Court, it is not properly granted pursuant to Rules 26 and 37 because the failure to disclose is not "substantially justified or is harmless." Thus, Defendants' motion will be granted as to Mr. Jager.

III

Accordingly, it is **ORDERED** that Plaintiff's motion to amend the complaint [Dkt. # 109] is **DENIED**.

It is further **ORDERED** that Defendants' motion to strike Plaintiff's expert witnesses [Dkt. # 95] is **DENIED AS MOOT IN PART** and **GRANTED IN PART**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 27, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS