UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SCOZZARI, Representative
of the Estate of William Christi Scozzari,

      Plaintiff,

v.                                                Case Number 08-10997-BC
                                                 Honorable Thomas L. Ludington
CITY OF CLARE, et al.,

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE, DENYING DEFENDANTS' MOTION TO AMEND AFFIRMATIVE DEFENSES, AND CANCELING HEARING**

Now before the Court are Plaintiff's motion for continuance of the trial date (ECF No. 134) and Defendants' motion to amend their affirmative defenses (ECF No. 136). Plaintiff requests a trial continuance from the June 19, 2012 scheduled start date because he has a conflict with a later-scheduled trial before Judge Battani. E.D. Mich. Case Number 08-12202. The docket in the case before Judge Battani, however, reflects that Plaintiff's motion to adjourn trial was granted but a new trial date has not yet been scheduled. However, Plaintiff also has a secondary conflict because he has committed to take care of his grandchildren from June 16 through June 23 while his daughter and son-in-law take a tenth anniversary honeymoon. Defendants request that if an adjournment is granted that the trial not be scheduled in July because defense counsel's son is getting married that month.

Defendants' response to Plaintiff's motion to adjourn the trial date requests that the trial date be continued indefinitely until the recently re-opened criminal investigation by the Michigan State Police of Defendants Miedzianoski and McGraw is completed. Defendants submit that in order to

be afforded a fair civil trial in this matter, it is necessary to wait until the investigation is complete and the Clare County prosecutor elects not to pursue criminal charges. Defendants do not explain how they would be prejudiced if this civil trial commenced prior to the conclusion of the criminal investigation, nor do they offer any legal support for their request. Defendants also do not address how they would wish to proceed in the event the prosecutor elects to bring criminal charges against them. Accordingly, the re-opened, ongoing criminal investigation does not provide an adequate basis for adjourning the trial in the instant case.

Defendants also request that the trial in this matter be adjourned until the Court of Appeals can resolve the appeal in *Scozzari II*. In *Scozzari II*, the Court granted Defendants' motion to dismiss two federal claims of illegal detention and unreasonable seizure, and excessive force in violation of the Fourth Amendment. Neither of the claims were dismissed on the basis of qualified immunity, but for failure to state a claim upon which relief could be granted. Defendants contend that if the Court's opinion is upheld on appeal, then the instant action would be barred by res judicata. Defendants do not explain why the instant, earlier in time case involving different causes of action would be barred by res judicata if *Scozzari II* is upheld and, as will be discussed below, neither claim preclusion nor issue preclusion are available defenses based on the Court's decision in *Scozzari II*. Defendants also contend that if *Scozzari II* is overturned and remanded for further proceedings in this Court, then adjourning the instant case would be in the interests of judicial economy so the parties do not have to endure two separate trials. Plaintiff agrees that adjournment of the joint pretrial order, jury instructions, and trial date until after a mandate is received from the Sixth Circuit in *Scozzari II* would be in the interests of judicial economy.

*Scozzari II*, however, was dismissed on a motion to dismiss and a full scheduling order

including dispositive motion deadlines would need to be entered, resulting in a lengthy delay before proceeding to trial after a mandate from the Sixth Circuit is received. Moreover, Plaintiff's counsel's scheduling conflict of caring for his grandchildren does not provide a basis for the Court to relieve him of his professional responsibilities in the instant case. At this juncture, it is appropriate to respect the trial date, as the case was filed over four years ago.

Defendants' motion to amend their affirmative defenses seeks to add the following affirmative defense: "That Plaintiff's claims are barred, in whole or in part, by res judicata and/or collateral estoppel." ECF No. 136. "Res judicata applies when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. General Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001); *see Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir.1992). Defendants contend that the decision in *Scozzari II* was a final decision on the merits between the same parties, that the claims in *Scozzari I* could have been litigated in *Scozzari II*, and that there is an identity of the causes of action. Defendants explain that because Plaintiff has split his causes of action, he assumed the risk that the first suit to reach judgment will bar the second but Defendants provide no legal support for this contention. Defendants also submit that there has been no bad faith or undue delay on their part in seeking to amend their affirmative defenses because the defense was not available until the Court's May 2, 2011 decision granting their motion to dismiss and, at that time, the instant action was stayed pending appeal in the Sixth Circuit. Defendants thus seek to raise the defense following the Sixth Circuit issuing a mandate and this Court reopening the action on February 24, 2012.

As Plaintiff notes in his reply, Defendants do not explain nor provide legal authority for their contention that a second, later filed lawsuit presenting issues not included in the first and still pending lawsuit bars litigation of the claims still pending in the first lawsuit. Plaintiff contends that claim preclusion operates when a party had the opportunity to litigate claims in an earlier-filed litigation, but did not, and that party or their privies cannot present those same claims in a later-filed lawsuit. Plaintiff also contends that the judgment in *Scozzari II* is not yet final because it is still pending on appeal. Finally, Plaintiff argues that Defendants' attempt to insert this procedural issue into this lawsuit at this juncture given the lengthy and substantial litigation up to this point, and which comes after the Court set a trial date, should be regarded as untimely and rejected on that basis as well. *Crawford v. Roane*, 53 F3d 750, 753 (6th Cir. 1995).

As the Court of Appeals observed in *City of Canton v. Maynard*, 766 F.2d 236, 238 (6th Cir. 1985):

> As a general proposition of law, there are two branches of res judicata, claim preclusion and issue preclusion. Under the claim preclusion branch, an earlier final judgment on the merits precludes a party from raising an issue in new litigation that should have been advanced in the earlier proceedings.

On the other hand, the doctrine of issue preclusion requires that the issue have actually been raised and decided, and that the court's decision was necessary to support the prior judgment. *See McLaughlin v. Bradlee*, 599 F. Supp. 839, 849 (D.D.C.1984) ("The doctrine of issue preclusion ... states that if an issue of fact or law was actually litigated and determined by a valid and final judgment, the determination is conclusive in a later action"). There does not appear to be any case law to support Defendants' contention that a second lawsuit that is first to reach a judgment could provide a basis for a claim preclusion or issue preclusion defense to a first-filed, ongoing lawsuit. Defendants' motion to amend their affirmative defenses will be denied because the defenses of res

judicata and/or collateral estoppel are not applicable.

Accordingly, it is **ORDERED** that Plaintiff's motion for continuance of trial date (ECF No. 134) is **DENIED**.

It is further **ORDERED** that Defendants' motion to amend affirmative defenses (ECF No. 136) is **DENIED**.

It is further **ORDERED** that the hearing scheduled for April 13, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 11, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS