UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SCOZZARI, Representative
of the Estate of William Christi Scozzari,

      Plaintiff,

v.                                        Case Number 08-10997-BC
                                          Honorable Thomas L. Ludington

CITY OF CLARE, et al.,

      Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, DENYING DEFENDANTS' MOTION FOR RECONSIDERATION, AND CANCELING HEARING**

Defendant McGraw's and Defendant Miedzianowski's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 147) and for reconsideration of the Court's order denying their motion for leave to amend their affirmative defenses to include a res judicata defense are now before the Court. Plaintiff Steven Scozzari, Personal Representative of the Estate of William Christi Scozzari, filed the instant action ("*Scozzari I*") against the City of Clare, City Manager Ken Hibl, Police Chief Dwayne Miedzianowski and Police Officer Jeremy McGraw, for fatal injuries sustained by William Scozzari in the late hours of September 18, 2007. Plaintiff's amended complaint alleges: (I) violation of Scozzari's rights under the Fourth Amendment (excessive force) and Fourteenth Amendment (deliberate indifference to a serious medical need), pursuant to 42 U.S.C. § 1983; (II) municipal liability under § 1983; (III) common-law assault and battery; (IV) gross negligence under Michigan Compiled Laws ("M.C.L.") § 691.1407; (V) conspiracy to violate Scozzari's civil rights; and (VI) discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132. Plaintiff's complaint was filed on March 7, 2008 and his

First Amended Complaint was filed on June 25, 2009. ECF No. 51. Defendants' answer was filed on July 1, 2009. ECF No. 54.

Miedzianowski and McGraw moved for summary judgment on all claims against them. On April 21, 2010 this Court denied Defendants qualified immunity and summary judgment on Plaintiff's claims alleging excessive force and denial of Scozzari's medical needs, and ordered additional briefing on whether Plaintiff had pled two additional Fourth Amendment seizure claims: the first for the alleged seizure that occurred when Miedzianowski stopped Scozzari during their initial encounter in the park as Scozzari was walking down the public road toward his cabin and the second for when the officers later attempted to arrest Scozzari by kicking in his door and ordering him out of his cabin. ECF No. 105. The parties filed supplemental briefs and, on May 7, 2010, Plaintiff sought to amend his complaint to allege the two additional Fourth Amendment claims which were not pled in his earlier complaints. ECF No. 109. On June 29, 2010, this Court entered an order granting Defendants' motion for summary judgment of Plaintiff's Fourth Amendment seizure claims because Plaintiff conceded that the claims were not alleged in his amended complaint and denied Defendants' motion for summary judgment on Plaintiff's state law assault and battery claim. ECF No. 121. Defendants timely filed a Notice of Appeal on July 27, 2010. ECF No. 122.

On July 27, 2010, this Court denied Plaintiff's motion seeking to amend his complaint for a second time. Plaintiff sought to add the two separate Fourth Amendment seizure claims that the Court concluded had not yet been pled. The Court denied Plaintiff's motion to amend the complaint based on Plaintiff's undue delay, concluding that Plaintiff possessed the factual information underlying the claims prior to filing the original complaint. ECF No. 123. Plaintiff moved for reconsideration (ECF No. 125) which was denied by this Court in an order entered on September

14, 2010. ECF No. 128. Prior to the statute of limitations expiring, Plaintiff filed a second action raising the two Fourth Amendment seizure claims and an additional claim of excessive force on September 16, 2010. *Scozzari v. Miedzianowski et al.*, Case Number 10-13698 ("*Scozzari II*")

In lieu of filing an answer, Defendants moved to dismiss Plaintiff's complaint in *Scozzari II*. The Court granted the motion on May 2, 2011, concluding that Plaintiff's complaint failed to plead facts which could plausibly support a finding that Defendants seized William Scozzari for purposes of the Fourth Amendment, given that Scozzari had not pleaded any facts demonstrating a show of force by Defendants. Plaintiff filed a Notice of Appeal in *Scozzari II* on May 25, 2011 and the appeal remains pending at this time. The case will be submitted on June 6, 2012.

In a decision issued on January 4, 2012, the Sixth Circuit affirmed this Court's denial of Defendants' Motion for Summary Judgment in *Scozzari I*. ECF No. 130. The Sixth Circuit issued its mandate, returning jurisdiction over the instant matter to this Court on January 26, 2012. ECF No. 132. On February 24, 2012, this Court issued an order reopening the case and establishing a scheduling order and procedures for completing pre-trial matters. Defendants now move for judgment on the pleadings and for reconsideration of the Court's order denying their request to amend their affirmative defenses to include a res judicata defense.

## I.   Standard of Review

"A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (citations omitted). When a court is presented with a Rule 12(b)(6) or 12(c) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the

defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (stating that "[t]here are exceptions to th[e] general rule" that "matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss" and that "[c]ourts may . . . consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."). A court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and draw all reasonable inferences in favor of the plaintiff." 528 F.3d at 430. (citation and internal quotations omitted). Yet, to survive such a motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (internal quotation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Twombly v. Bell*, 550 U.S. 544, 555 (2007) (explaining that a complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

## II.   Discussion

The doctrine of res judicata, i.e., the preclusive effect of a judgment, encompasses two distinct doctrines: claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 891-93

(2008). Claim preclusion "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.' " *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)); *see also Dodrill v. Ludt*, 764 F.2d 442, 443 (6th Cir. 1985). When a prior judgment, which a defendant contends implicates the doctrine of res judicata, was based on a federal question, it is necessary to look to federal law to determine the judgment's preclusive effect. *Hamilton's Bogarts, Inc., v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007). "Res judicata applies when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. General Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001); *see Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir.1992).

Collateral estoppel, or issue preclusion, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire*, 532 U.S. at 748-49). Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996).

Here, Defendants contend that claim preclusion forecloses litigation of the claims asserted

in the instant case. As an initial matter, Plaintiff contends that Defendants are procedurally barred from pursuing a res judicata affirmative defense by virtue of a motion for judgment on the pleadings at this late stage of the case. Res judicata is an affirmative defense ordinarily raised in the pleadings. Fed. R. Civ. P. 8(c). The purpose of such pleading requirement is to give the opposing party notice of the plea and a chance to argue why its imposition would be inappropriate. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1970). Res judicata can also be raised by motion. *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294 (1917); *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Res judicata could not have been pleaded at the time the answers were filed because no final judgment had been rendered in either case. Indeed, Defendants first sought to amend their affirmative defenses less than thirty days after the mandate was received from the Sixth Circuit. The request was denied, and is currently before the Court on a motion for reconsideration. ECF No. 126. Defendants now alternatively seek to pursue a res judicata defense through a motion for judgment on the pleadings, and, given the timing of the mandate from the Sixth Circuit, there is nothing to suggest that their request is untimely.

### 1. Final Decision on the Merits

A dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is a final decision on the merits. *Heike*, *supra*, (citing *Rogers v. Stratton Indus., Inc*., 798 F.2d 913, 917 (6th Cir.1986)). Accordingly, this Court's May 2, 2011 order dismissing Plaintiff's complaint in *Scozzari II* for failing to state a claim was a final decision on the merits. The fact that Plaintiff has appealed this decision is of no effect because "[t]he established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal." *Erebia v. Chrysler Plastic Prods. Corp*., 891 F.2d 1212 (6th Cir.1989). As Defendants note in their motion for reconsideration

of the Court's denial of their motion to amend affirmative defenses, "irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as res judicata." *Chicago, R.I. & P.R. Co. v. Schendel*, 270 U.S. 611, 616-17 (1926). Plaintiff does not offer any legal authority to the contrary.

### 2. Same Parties or Their Privities

It is undisputed that both Plaintiff and the defendant officers were parties in both *Scozzari I* and *Scozzari II*.

### 3. Factual Issues Actually Litigated or Issues that Should Have Been Litigated

The third element recognizes that having failed to recover on one legal theory, a litigant cannot attempt to relitigate the same claim under a different theory of recovery. *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982); *see also* Restatement (Second) of Judgments § 25 (providing that res judicata applies "even though the plaintiff is prepared in the second action . . . [t]o present evidence or grounds or theories of the case not presented in the first action, or . . . [t]o seek remedies . . . not demanded in the first action."). In other words, the third element of res judicata is met when the second action raises an issue which "should have been litigated" in the first action. *Walker*, 25 F. App'x at 336.

To determine whether a claim "should have been litigated" in an earlier action, the Sixth Circuit has stated that "[w]here the two causes of action arise from the 'same transaction, or series of transactions,' a plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006). Defendants contend that this Court had jurisdiction over Plaintiff's *Scozzari I* claims, and nothing prohibited Plaintiff from raising

those claims in *Scozzari II*. Plaintiff notes, in response, that at the time *Scozzari II* was filed, the claims advanced in *Scozzari I* were being considered by the appellate court and were no longer before this Court. Plaintiff also contends that the issues presented in the instant case regarding his wrongful death and medical mistreatment claims are separate from the claims alleged in *Scozzari II* focused on a series of events that occurred earlier in time. Plaintiff also contends that the later litigation of a smaller set of claims *Scozzari II*, based upon a different set of earlier events, do not "trump" the litigation of claims in the instant case.

Indeed, "[w]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir.1978). As Plaintiff notes, the injury he seeks to recover for in the instant case are the wrongful death and medical mistreatment of William Scozzari; the injury he sought to recover for in *Scozzari II* were for the illegal detention, unreasonable seizures, and excessive force he believed William Scozzari suffered before the events that provide the factual basis for the claims *Scozzari I*. Although both cases involve claims of constitutional violations as a result of police actions, they neither resulted from nor are they tied to the same discrete factual transactions notwithstanding the fact that they occurred sequentially. Defendant thus has not shown that the matter contested in the present action "was or could have been resolved" in the second action. Collateral estoppel is similarly inapplicable because the precise issue regarding the alleged wrongful death and medical mistreatment claims Plaintiff contends William Scozzari suffered were not raised and actually litigated in *Scozzari II*. *Kosinski v. Comm'r of Internal Revenue*, 541 F.3d 671, 675 (6th Cir. 2008).

### 4. Identity of Claims

For the fourth element to be satisfied, "there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). "Identity of claims" does not require there to be identical elements under the law or that the evidence required to prove the claims at issue be identical. Instead, identity of claims mean "an identity of the facts and events creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir.1992); *see also Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002) (finding that an identity of claims is satisfied if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts).

Defendants likewise have not established that there is an identity of claims for the same reasons provided above explaining why the claims in *Scozzari I* should not have been litigated in *Scozzari II*. The facts and events creating the right of action and of the evidence necessary to sustain the remaining claims in *Scozzari I* are not the same as the facts and events creating the right of action in *Scozzari II*.

### III.   Conclusion

Accordingly, Defendants' motion for judgment on the pleadings (ECF No. 147) is **DENIED**.

It is further **ORDERED** that Defendants' motion for reconsideration of the Court's order denying their motion to amend affirmative defenses (ECF No. 146) is **DENIED AS MOOT**.

It is further **ORDERED** that the hearing scheduled for May 29, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 24, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 24, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---