UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SCOZZARI, Representative
of the Estate of William Christi Scozzari,

      Plaintiff,

v.                                                   Case Number 08-10997-BC
                                                     Honorable Thomas L. Ludington

CITY OF CLARE, et al.,

      Defendants.
_____/

**ORDER GRANTING DEFENDANTS MIEDZIENOWSKI'S AND MCGRAW'S MOTION TO STRIKE SALVATORE SCOZZARI FROM PLAINTIFF'S WITNESS LIST**

Plaintiff filed a supplemental witness list on May 7, 2012, identifying Salvatore Scozzari ("Salvatore") as a witness to be called at trial to provide information regarding William Scozzari's family background and relationships. Defendants Miedzienowski and McGraw now move for entry of an order striking Salvatore Scozzari as a witness and preventing him from testifying at trial. ECF No. 160.

Salvatore, William Scozzari's father, was originally identified on Plaintiff's July 2008 witness list. On May 12, 2009, defense counsel contacted Plaintiff's counsel to schedule the depositions of Salvatore and Phyllis Scozzari, William Scozzari's parents. ECF No. 160 Ex. A. Both depositions were scheduled for June 4, 2009. On May 18, 2009, Plaintiff's counsel contacted defense counsel to inform him that the scheduled deposition would not take place due in large part to both Salvatore's and Phyllis's age and poor health. ECF No. 160 Ex. B. Salvatore's discovery deposition was rescheduled for June 26, 2009. On May 28, 2009, Plaintiff's counsel again canceled the scheduled deposition, stating that he had received a letter from the Scozzari family objecting to

taking Salvatore Scozzari's deposition because of his health and the effect that such an event would have on him.  ECF No. 160 Ex. C.  Defense counsel agreed not to pursue Salvatore or Phyllis Scozzari's deposition so long as the witnesses would not be produced or appear at trial.  ECF No. 160 Ex. D. To date, Salvatore's deposition has not been taken.

Plaintiff's counsel now contends that Salvatore is well enough to testify and intends to call him as a witness at trial. Defendants argue that they will be severely prejudiced by Plaintiff offering Salvatore as a witness at trial because they were denied the opportunity to conduct his discovery deposition and are, accordingly, unaware of his testimony on a number of relevant issues, including, but not limited to, damages and liability. Defendants submit that permitting Plaintiff to present Salvatore as a witness at trial would, at a minimum, require the reopening of discovery so that, in fairness, Defendants can take his deposition and conduct additional discovery of matters and witnesses that may be disclosed during the deposition.

Federal Rules of Civil Procedure 26 and 30 permit a party to depose any person upon proper written notice. Defendants should have had the opportunity to depose Plaintiff's material witness on important issues prior to the close of discovery. *JAT, Inc. v. Nat'l City Bank of the Midwest*, No. 06-CV-11937-DT, 2008 WL 1820841, at *3 (E.D. Mich. April 22, 2008). " 'A court surely can bar the testimony of a witness who refuses to submit to a deposition or to produce the materials he reviewed prior to testifying.' " *Id.* (citing *Northbrook Excess and Surplus Insurance Co. v. The Procter and Gamble Co.*, 1988 U.S. Dist LEXIS 14895, *3-4 (N.D. Ill. Dec. 28,1988)). Defendants request that this Court strike Salvatore as a witness based on Plaintiff's failure to abide by this Court's case management and scheduling order, Practice Guidelines, and Rule 26 and 30 regarding discovery. Defendants also request that the Court preclude Plaintiff from calling Salvatore as a

witness at trial.

In response, Plaintiff offers to make Salvatore Scozzari available for a deposition at Defendants' convenience and notes that his testimony will not impact the liability portion of the case or lead to any further necessary discovery. Plaintiff notes that it is within the Court's discretion to allow Salvatore to testify at trial, that Plaintiff's counsel has acted in good faith in this matter, and that Salvatore's change in health circumstances and willingness to testify provide good cause to allow his testimony, especially given Defendants' ability to take his deposition prior to trial.

In reply, Defendants argue that Plaintiff's offer to allow Defendants to depose Salvatore does not mitigate the prejudice they sustained as a result of Plaintiff withholding notice of this witness until the eve of trial. Although Plaintiff represents that Salvatore's testimony will not impact the liability portion of the case or lead to any further discovery, Defendants note that there would be a number of issues that could require further investigation and discovery, such as William and Salvatore's previous interactions with law enforcement, and Salvatore's involvement with his son's disability benefits application, clothing and feeding needs, and medication requirements, among other issues. Defendants also note that they attempted to, but were denied the ability to, depose Salvatore and that fairness requires that he thus be stricken as a witness at trial.

Plaintiff acknowledges that it would be unfair and prejudicial for Salvatore to testify at trial without Defendants having the opportunity to depose him. At this juncture, providing Defendants the ability to depose Salvatore would be an insufficient remedy and striking him as a witness is appropriate. Even if Defendants were to depose Salvatore, discovery has closed and they would have no meaningful opportunity to conduct additional investigation and discovery based on the information provided at the deposition. Moreover, Plaintiff has not identified the prejudice he will

suffer if Salvatore is not allowed to testify and Plaintiff has had access to Salvatore to understand the scope and nature of his proposed testimony for a significant period of time while Defendants did not. Finally, Defendants acted diligently in pursuing Salvatore's deposition while discovery was still open, but Plaintiff's counsel canceled both depositions.

Accordingly, Defendants' motion to strike Salvatore Scozzari from Plaintiff's witness list (ECF No. 160) is **GRANTED**. Salvatore Scozzari is stricken from Plaintiff's witness list and Plaintiff is precluded from offering his testimony at trial.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 4, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS