UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SCOZZARI, Representative
of the Estate of William Christi Scozzari,

        Plaintiff,

v.                                 Case Number 08-10997-BC
                                 Honorable Thomas L. Ludington

CITY OF CLARE, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO PRESENT THE TESTIMONY OF WITNESSES NOELLE HITE AND HAZEL DUKE BY CONTEMPORANEOUS TRANSMISSION**

Plaintiff Steven Scozzari's motion to present the testimony of witnesses Noelle Hite and Hazel Duke by contemporaneous transmission from the Federal Courthouse in Eugene, Oregon, is now before the Court. ECF No. 163. Witnesses Hite and Duke, whose existence, but not identities, were known to Plaintiff as having been guests at the Lone Pine Inn on September 18, 2007. Hite and Duke were traveling through Clare, Michigan, at the time of William Scozzari's death, and were staying at the Lone Pine Inn as a result of the local church paying for their stay and their individual names were thus not on the guest register. They surfaced in late 2011 and provided affidavits to Plaintiff's investigator on January 10, 2012, after which notice was given to the Court and Defendants of their identities and existence. After settling in Winston, Oregon, Hite and Duke checked the Clare Sentinel's website about the facts underlying this case a number of years later and thereafter contacted the editor of the Sentinel, volunteering their statements.

Plaintiff describes the two witnesses as impecunious and somewhat elderly, living on the edge of a national forest in Oregon which is approximately 100 miles away from the nearest large

town or airport. ECF No. 163 at 1.  Plaintiff represents that both witnesses are not in the best health, that air travel is not recommended for Hite who underwent two eye surgeries in May, and that the witnesses have indicated that they do not desire to travel to Michigan to testify at trial. Plaintiff has thus arranged for his private investigator to transport the witnesses to arrive at the federal courthouse in Eugene, Oregon, on June 21, 2012 at 8:30 a.m. PDT (11:30 a.m. EDT) to provide their testimony via contemporaneous transmission. Plaintiff anticipates that both witnesses's testimony will be completed within an hour and a half in time for this Court's 1:00 p.m. adjournment but requests that if the testimony is not concluded, that the trial continue until the testimony is completed.

Defendants respond that their request for discovery depositions or to strike Hite and Duke as witnesses was denied even after they agreed to underwrite the expense of obtaining the depositions, and that Plaintiff now attempts to further circumscribe their right to confront and cross-examine these critical witnesses by limiting Defendants to viewing and questioning the witnesses via video conferencing.  Defendants request that the Court deny Plaintiff's motion so that they have the opportunity to confront the witnesses in person so that they and the jury are permitted to assess their credibility.

Live, in-person testimony has been held to optimal for trial testimony because "[t]he very ceremony of trial and the presence of the fact-finder may exert a powerful force for truthtelling.  The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." 1996 Advisory Committee Notes to Federal Rule of Civil Procedure 43. Pursuant to Rule 43, the court may permit testimony by contemporaneous transmission for good cause in compelling circumstances, and with appropriate safeguards. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. 1996 Advisory Committee Notes to Federal

Rule of Civil Procedure 43.

Defendants note that the Sixth Circuit has acknowledged the importance of live testimony compared to presenting testimony from a video deposition in the context of a criminal trial in *Stoner v. Sowders*, 997 F.2d 209, 212-13 (6th Cir. 1993):

> The State suggests that video depositions are almost as good as live testimony and not much is lost by not having first hand, face-to-face presence in court. That may be true in many cases, but still the jury and the judge never actually see the witness. The witness is not confronted in the courtroom situation. The immediacy of a living person is lost. In the most important affairs of life, people approach each other in person, and television is no substitute for direct personal contact. Video tape is still a picture, not a life, and it does not come within the rule of the confrontation clause which insists on real life where possible, not simply a close approximation

Defendants assert that it is important for them—and the jury—to be afforded the best opportunity to view these critical witnesses in person to assess their credibility and to cross-examine them spontaneously, especially given the witnesses's unavailability prior to trial.

Additionally, Defendants concede that testimony via contemporaneous transmission is appropriate in limited circumstances such as where the cost and burden of obtaining the physical presence of a witness will be disproportionate to the importance of the expected testimony or in civil trials brought by inmates who may be unruly or dangerous. Defendants note that neither circumstance applies here. Defendants emphasize that there is no evidence establishing the financial circumstances of the witnesses, nor are their finances relevant because witnesses, as opposed to parties to the case, are not responsible for bearing the financial burden of the cost of appearing at trial. The witnesses preference not to attend the trial to provide in-person testimony because it is inconvenient does not establish good cause or constitute a compelling circumstance. Defendants also contend that the witnesses's health conditions are insufficient to establish good cause or compelling circumstances because Plaintiff has not provided any information or evidence regarding

the witnesses's health conditions. *See Stoner*, 997 F.2d at 213 ("When [a party] is claiming witness unavailability due to illness, the specific inquiry must focus on both the severity and duration of the illness.   The court must inquire as to the specific symptoms of the illness to determine what tasks the patient is able to perform, and the court must determine whether there is the probability that the illness will last long enough so that, with proper regard to the important of the testimony, the trial cannot be postponed. . . . Many witnesses would prefer not to testify in a criminal trial and can often find a doctor who will provide a cursory "doctor's excuse," a statement that the witness's physical or mental health "could" be adversely affected by having to appear.") (citation and quotation omitted). Although *Stoner* involved criminal proceedings, Defendants submit that undocumented claims of frailty or medical problems making it difficult to travel are easily made but impossible for the opposing party to refute or the court to evaluate. Defendants contend that the witnesses's distance from an airport is not a relevant consideration because reasonable accommodations can be made to permit them additional time to rest if necessary during their travels.

Finally, Defendants emphasize that Plaintiff has not offered any safeguards to ensure that Defendants are afforded an opportunity to examine the witnesses in the event their testimony is provided via contemporaneous transmission. Of particular import, the witnesses were not interviewed at the scene and their declarations are general in nature, thus making it impossible for Defendants to predict what issues might be raised during either direct or cross-examination. Defendants also cannot predict which, if any, physical objects may require examination by the witnesses in order to respond to questions or testify accurately. And, Defendants emphasize, they have not deposed either of the witnesses. As an alternative to live testimony, Defendants suggest that if the witnesses's health issues are sufficiently significant, the only fair compromise at this juncture

would to be taking the witnesses testimony by way of video deposition in Oregon so that Defendants would have the opportunity to cross-examine the witnesses.

The Court agrees with Defendants that presenting the testimony of two important witnesses who have not been deposed via contemporaneous transmission at trial would result in prejudice to Defendants' ability to confront and cross-examine the witnesses. Additionally, Plaintiff's general assertions regarding the witnesses's health and finances and preference not to travel to Michigan to testify at trial are insufficient to establish good cause and compelling circumstances in order to overcome the long-standing preference for live testimony and Plaintiff's motion to present the testimony of Hite and Duke via contemporaneous transmission will be denied. Plaintiff represents in his reply that he is attempting to substantiate the witnesses's health concerns but has not received information from either witnesses's doctor at this juncture. Defendants' suggested compromise that the witnesses provide video depositions in lieu of live testimony is thus not yet a warranted compromise suggestion until either one or both of the witnesses's health issues are substantiated and it is demonstrated that travel to Michigan to provide live testimony is not a possibility.

Accordingly, it is **ORDERED** that Plaintiff's motion to present the testimony of witnesses Hite and Duke (ECF No. 163) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 5, 2012

-5-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 5, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS