UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SCOZZARI, Representative
of the Estate of William Christi Scozzari,

      Plaintiff,

v.                                                   Case Number 08-10997-BC
                                                    Honorable Thomas L. Ludington
CITY OF CLARE, et al.,

      Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Defendant McGraw's and Defendant Miedzianowski's motion for reconsideration of the Court's order denying their motion for judgment on the pleadings is now before the Court. ECF No. 181. Defendants contend that the evidence necessary to sustain the claims in the instant case are the same facts necessary to sustain the claims raised in *Scozzari II*, and because the claims arose out of the same transaction or series of transactions, there is an identity of claims.

Eastern District of Michigan Local Rule 7.1(h) permits any party to move for reconsideration of the Court's conclusions within fourteen days of the entry of the order. E.D. Mich. L.R. 7.1(h)(1). Unless the Court orders otherwise, the local rule does not permit a responsive pleading or oral argument on motions for reconsideration. *Id.* 7.1(h)(2).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981-82 (E.D. Mich. 2010) (citation and quotation marks

omitted). Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

Defendants again contend, as they did in their original motion, that the facts necessary to sustain the claims in *Scozzari I* and *Scozzari II* are identical and thus res judicata applies to the claims currently before the Court in *Scozzari I*. As noted in the Court's opinion and order, "[w]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit. *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319-21 (1927); *United States v. California & Oregon Land Co.*, 192 U.S. 355 (1904) (Holmes, J.); *Mayer v. Distel Tool & Machine Co.*, 556 F.2d 798 (6th Cir. 1977); *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30, 32-36 (8th Cir. 1964). As previously noted, while the claims contained in *Scozzari I* and *Scozzari II* are factually interrelated, the rights alleged to have been injured are distinct. Although the time of the injuries were close in proximity, the proof required of Plaintiff for each claim is not the same. Defendants' motion does not present any arguments that were not previously considered by the Court, and does not otherwise demonstrate a palpable defect in the Court's order denying their motion for judgment on the pleadings on the basis of res judicata.

Accordingly, it is **ORDERED** that Defendants McGraw's and Miedzienowski's motion for reconsideration (ECF No. 181) is **DENIED**.

                                                       s/Thomas L. Ludington  
                                                       THOMAS L. LUDINGTON  
                                                       United States District Judge

Dated: June 19, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 19, 2012.

                                         s/Tracy A. Jacobs  
                                         TRACY A. JACOBS