UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN SCOZZARI, as Personal
Representative of the Estate of WILLIAM
CHRISTI SCOZZARI, Deceased,

        Plaintiff,                         Case No. 08-10997
                                              Honorable Thomas L. Ludington

v.

CITY OF CLARE, a municipal corporation;
KEN HIBL, a municipal agent of City of Clare;
CHIEF DWAYNE MIEDZIANOWSKI, as an
agent for the municipal corporation and as an
individual; OFFICER JEREMY McGRAW, as
an agent of the municipal corporation, and as an
individual, jointly and severally,

        Defendants.

_____/

**ORDER STAYING PROCEEDINGS PENDING SIXTH CIRCUIT APPEAL**

On November 7, 2012, this Court granted in part Plaintiff's Motion for a New Trial.  On

December 3, Defendants filed a motion for relief pursuant to Federal Rule of Civil Procedure 60,

and renewed their motion for judgment as a matter of law under Rule 50(b).  Defendants asserted

that they were immune from suit based on qualified immunity, but the defense was denied.

Subsequently, the Court certified an interlocutory appeal on the issue that led to the new trial in

the first place: whether Plaintiff is required to prove any indifference by Defendants proximately

caused William Scozzari's death.

This interlocutory appeal was certified, in part, because Defendants established they

intended to appeal the denial of the qualified immunity defense raised in their post-trial motion.

It is well-established that a defendant, who is a public official asserting a qualified immunity

defense, may immediately appeal an order denying that defense.  *Mitchell v. Forsyth*, 472 U.S.

511, 526 (1985).  The justification for allowing an interlocutory appeal in such a situation is that the rights created by immunity "would effectively be destroyed if the defendant were forced to defend himself at trial before a final determination was made as to immunity."  *Blair v. City of Cleveland*, 148 F. Supp. 2d 919, 921 (N.D. Ohio 2000).

Although this case has already gone to trial once, the Sixth Circuit established that "a qualified immunity defense can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial."  *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299–300 (6th Cir. 1986)).  "A denial of the defense at any stage entitles a defendant to an immediate appeal.  If the trial court's ruling is affirmed on appeal, the defendant may raise the defense at the next stage of the litigation and appeal again if the defense is denied."  *Dyke*, 23 F.3d at 1089.  So while Defendants' attempt to shield themselves with qualified immunity before trial was denied, and then affirmed on appeal; they may appeal the second denial of the defense now that a second trial looms large.

Because Defendants will be appealing the issues of proximate cause and qualified immunity, it is appropriate to stay these proceedings pending Sixth Circuit resolution.  "[F]iling of a notice of appeal regarding qualified immunity acts as an automatic stay of the trial of a case . . ."  *Blair*, 148 F. Supp. 2d at 921 (citing *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991)); *see also Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("it makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.").  Even if an appeal on qualified immunity does not constitute an automatic stay, in the interests of judicial economy, it is the prudent thing to do.

- 3 -

Accordingly, it is **ORDERED** that this case is **STAYED** until such time as the Sixth Circuit Court of Appeals issues its ruling on Defendants' appeal.

It is further **ORDERED** that Defendants' motion to strike Plaintiff's supplemental Expert Witnesses, ECF No. 231, is **DENIED** without prejudice to Defendants' ability to refile the motion if unsuccessful on appeal.

Dated: February 27, 2013                          s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

<div style="border:1px solid black">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2013.

                          s/Tracy A. Jacobs
                          TRACY A. JACOBS

</div>